**Willie ANDREWS, Plaintiff,**

v.

**Carol GLENN and Anthony Snyder, Defendants.**

No. 90–3077.

United States District Court, C.D. Illinois, Springfield Division.

Aug. 1, 1991.

---

Willie Andrews, pro se.

Gregory T. Riddle, Asst. Atty. Gen., Springfield, Ill., for defendants.

## OPINION

RICHARD MILLS, District Judge:

Unwashed feet and the Eighth Amendment.

This matter went to jury trial on the merits. Had the Attorney General's Office filed a motion for summary judgment accompanied by the proper affidavits, a trial of this case might well have been avoided.

Plaintiff's *pro se* prisoner complaint, filed under 42 U.S.C. § 1983, claimed that Carol Glenn and Anthony Snyder, employees of the Illinois Department of Corrections, violated his Eighth Amendment rights under the United States Constitution.

Specifically, Andrews claimed that he was subjected to cruel and unusual punishment by the Defendants when he was denied medical treatment for two infected toes on September 1, 2, and 3, 1989, at the Logan Correctional Center where he was incarcerated.

The evidence reflected that prisoners sign up for sick call the night before or early in the morning. A sick prisoner may sign up for early sick call or late sick call. Those on early sick call get up early and are taken to the dining hall for breakfast and then over to the health unit. Those who elect late sick call skip breakfast in order to sleep later and are taken over to the dining hall in time to accompany the early sick call group to the health care unit. The entire sick call group arrives at the health care unit between 6:50 and 7:00 a.m.

Plaintiff testified that he did not go with the sick call group to the health care unit on September 1, 1989 because it was raining outside and he already had a cold and his body ached. According to the testimony, he appeared at the health care unit at approximately 7:45 a.m., seeking treatment for two infected toes. Andrews was advised by Correctional Officer Snyder, pursuant to the order of Nurse Carol Glenn, that because he was late for sick call, he would have to return the following day.

Further testimony indicated that the next day, September 2, 1989, Plaintiff once again went to the Health Care Unit after the normal sick call. After waiting to be seen, Plaintiff became upset, created a disturbance, and left on his own volition without being seen by a nurse.

Plaintiff testified that on the third day, September 3, 1989, he arrived at the Health Care Unit in a timely manner and was treated by Nurse Glenn for his foot problem. Andrews testified that he did not receive proper care because Nurse Glenn refused to wash his feet for him. Nurse Glenn testified that Plaintiff's feet were caked with dirt and that she believed it was in Plaintiff's best interest to learn how to take care of his own hygiene. She gave Plaintiff a pan and advised him to wash his feet several times daily. Nurse Glenn further testified that Plaintiff threw the pan at her feet and became verbally abusive and threatening. As a result of Plaintiff's actions, a disciplinary ticket was written against him and he lost good time credit and was transferred to a maximum security institution. Nonetheless, despite Plaintiff's insolence, Nurse Glenn referred him to the doctor's call line to be seen in three (3) days. Nurse Glenn further testified that in her opinion Plaintiff's foot condition did not amount to an emergency situation.

Plaintiff testified that he was seen by a doctor on September 7, 1989, for his foot problem. Plaintiff testified that the doc-

tor's course of treatment was essentially the same as Nurse Glenn's.

At the close of Plaintiff's case in chief, Defendants moved for a directed verdict.

■■■ To state a claim for the deprivation of medical care, a prisoner must allege "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). In applying the test, the court is to consider such factors as the severity of the medical problem, whether the potential for harm if medical care is denied or delayed is substantial, and whether such harm actually resulted from the lack of medical attention. See *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir.1974), *cert. denied*, 423 U.S. 877, 96 S.Ct. 149, 46 L.Ed.2d 110 (1975). The record is crystal clear that Plaintiffs infected toes presented no substantial potential for harm if not promptly treated, and no serious harm was suffered.

After considering the evidence in this matter, the Court finds that Plaintiff has totally failed to establish the requisite elements necessary for a *prima facie* case under *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Plaintiff has failed to prove (1) that he had serious medical needs or (2) that Defendants were deliberately indifferent to his known serious medical needs.

This case is a sad example of the harassment and ingratitude all too often experienced by medical personnel who willingly forego higher pay and better working conditions in the private sector to help inmates in the prison system.

Pathetic.

*Ergo*, Defendants' motion for directed verdict is ALLOWED. Judgment is entered in favor of Defendants Carol Glenn and Anthony Snyder and against Plaintiff Willie Andrews.

CASE Closed.